IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JAMES WILLIAMS,

    Petitioner,                    No. 2:11-cv-1674 KJN P

  vs.

DVI- WARDEN,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 conviction and sentence in the Sacramento County Superior Court based on his "no contest" plea. Two initial problems are presented.

        First, petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Therefore, petitioner will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis, or to submit the appropriate filing fee.

        Second, the petition for writ of habeas corpus (completed on a form used in the United States District Court for the Northern District of California), indicates that petitioner has not exhausted his state court remedies before filing the instant federal petition. Petitioner states

1

that he did not pursue a direct appeal, but did seek collateral relief in the state superior court, which was denied on March 3, 2011; however, petitioner states that he has not further pursued this matter in the state courts.

A federal district court may not entertain a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). A petitioner satisfies the state exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting those claims to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After petitioner has paid the filing fee, or submitted an adequately-supported application to proceed in forma pauperis, the court must review his federal petition subject to these requirements. If the court determines that petitioner has failed to exhaust his state court remedies, the petition must be dismissed.

Alternatively, if petitioner concludes that he is unable, at present, to demonstrate exhaustion of his state court remedies, he may file a request that this action be dismissed without prejudice. Petitioner may then continue to pursue, and ultimately exhaust, his claims in the state courts before filing a proper federal petition.

1. In accordance with the above, IT IS HEREBY ORDERED that, within thirty days after the filing date of this order:

    a. Petitioner shall submit an affidavit in support of his request to proceed in forma pauperis, or shall pay the full filing fee ($5.00);

    OR

    b. Petitioner may request the voluntary dismissal of this action without prejudice.

////

       2. Petitioner's failure to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

       3. The Clerk of Court is directed to send petitioner a copy of the in forma pauperis application form used by this district.

DATED:  June 23, 2011

_/s/ Kendall J. Newman_  
KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

will1674.101a.misc